UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **RICKIE WESTBROOK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.  1:07-CV-140 |
| ) | |
| **M-R PARTNERSHIP, et al.,** ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is "Plaintiff's Petition for a Subpoena (duces tecum)" (Docket # 55) filed by *pro se* Plaintiff Rickie Westbrook, who is proceeding *in forma pauperis* in this employment discrimination case.  In his Motion, Westbrook requests that the Court grant his request to subpoena the Equal Employment Opportunity Commission (EEOC) for certain documents that he was denied in his request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for the entire EEOC investigative file pertaining to this case.[1]  For the following reasons, Westbrook's Motion will be DENIED.

Federal courts have recognized their inherent power to monitor and control an indigent party's employment of the privileges afforded under 28 U.S.C. § 1915 for the purpose of preventing abuse of the court's process and harassment of both parties and non-parties. *See, e.g.*,

---

[1] To elaborate, Westbrook requested his entire file from the EEOC under the FOIA, *see* 29 C.F.R. § 1610.5; in response, the EEOC granted him access to most of his file but withheld certain documents pursuant to an FOIA exemption that protects an agency's deliberative process, *see* 5 U.S.C. § 552(b)(5).  The EEOC then explained to Westbrook that he could appeal its decision pursuant to 29 C.F.R. § 1610.11, which he apparently did. (*See* Pl.'s Pet. for a Subpoena (duces tecum) 2.)  The record is devoid, however, of the EEOC's response to Westbrook's appeal or whether Westbrook has challenged the EEOC's response in accordance with the procedures set forth in 29 C.F.R. § 1610.11(c).

*Jackson v. Brinker*, No. IP 91-471-C, 1992 WL 404537, at *5 (S.D. Ind. Dec. 21, 1992) (citing *Estep v. United States*, 251 F.2d 579 (5th Cir. 1958)); *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (citing *Hecht v. Pro-Football, Inc.*, 46 F.R.D. 605, 606 (D.D.C. 1969)). "This power authorizes the Court to review indigent parties' subpoenae *duces tecum* before service and to order the Marshals Service to reject service requests in certain circumstances." *Jackson*, 1992 WL 404537, at *5; *see also Lloyd v. McKendree*, 749 F.2d 705, 707 (11th Cir. 1985); *Manning v. Lockhart*, 623 F.2d 536, 539 (8th Cir. 1980).

"The decision of courts exercising inherent supervisory power over *in forma pauperis* subpoenae generally discuss factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case (*e.g.*, whether the requested information is merely cumulative of evidence already in hand or is available in a manner less oppressive to the subpoenaed party)." *Jackson*, 1992 WL 404537, at *6; *see, e.g.*, *Tuvalu v. Woodford*, No. CIV S-04-1724 DFL KJM P, 2006 WL 3201096, at *5 (E.D. Cal. Nov. 2, 2006); *Guy v. Maio*, 227 F.R.D. 498, 501 (E.D. Wis. 2005); *Coleman v. St. Vincent DePaul Soc'y*, 144 F.R.D. 92, 96 (E.D. Wis. 1992). "[A] court should also examine issues related to the expected compliance costs in light of Rule 45(c)(2)(B)'s provision that non-parties be protected against significant expense." *Jackson*, 1992 WL 404537, at *5; *see also Badman*, 139 F.R.D. at 605.

Here, Westbrook has made no attempt to discuss the relevance or materiality of the information requested. *See Jackson*, 1992 WL 404537, at *6. Therefore, he has utterly failed to demonstrate to the Court the necessity of the requested documents to proving his case. *Id*. Furthermore, it appears that in requesting a subpoena Westbrook is merely attempting to

2

circumvent the administrative appeal procedures set forth in 29 C.F.R. § 1610.11 for denials of FOIA requests.

Moreover, the record suggests that Westbrook, at least in part, is simply trying to avoid being subjected to copying costs through his *in forma pauperis* status.  To explain, in the EEOC's response to Westbrook's initial FOIA request, the EEOC stated: "There is no charge for the first 100 pages.  The fee for any remaining pages is $9.60." (Pl.'s Pet. for a Subpoena (duces tecum) 5.)  Then, in his appeal to the EEOC, Westbrook sought "the remaining 64 or more pages." (*Id*. 2.)  Therefore, it seems that Westbrook was denied certain documents simply because he failed to pay the required fee.

The law is clear that Westbrook cannot shift the cost of obtaining this discovery to the Court or to non-parties. *See, e.g., Tabron v. Grace*, 6 F.3d 147, 159-60 (3rd. Cir. 1993); *Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, at *1 (N.D. Ill. June 26, 1996) ("[T]his court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)."); *Gregg v. Clerk of U.S. District Ct.*, 160 F.R.D. 653, 654-44 (N.D. Fla. 1995); *Badman*, 139 F.R.D. at 604-06; *Reed v. Pearson*, Civ. S85-100, 1989 WL 516266, at *1 (N.D. Ind. Aug. 22, 1989).

Indeed, if Westbrook files a motion to compel, or if the EEOC objects to his subpoena, the Court may condition that order upon his advancing the copying costs for the documents.[2] *See Tuvalu*, 2006 WL 3201096, at *5 ("[A] party's ability to use a subpoena duces tecum is

---

[2] Although Westbrook was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, nothing in that statute authorizes or permits the Court to waive the expense requirements of Federal Rule of Civil Procedure 45. *See generally McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987); *Badman*, 139 F.R.D. at 605-06; *Vickers v. Blackwell*, No. 3:91-CV-440RM, 1993 WL 243858, at *1 (N.D. Ind. July 2, 1993); *McAleese v. Owens*, No. 3:CV-88-1669, 1991 WL 329930, at *5 (W.D. Pa. Dec. 5, 1991).

circumscribed by the relevance standards of Federal Rule of Civil Procedure 26(b)(1) and by the court's duty to ensure that a subpoena does not impose undue burden or expense on a person subject to that subpoena." (internal quotation marks and citation omitted)); *Jackson*, 1992 WL 404537, at *6; *Badman*, 139 F.R.D. at 605.  There is no indication here, however, that Westbrook has made any provision for the cost of his requested discovery.  Consequently, "[i]t would be a wasteful and frivolous expenditure of the Court's and the Marshals Service's time and resources to issue and serve such subpoenae if [Westbrook] has not made provision for his share of those costs beforehand." *Jackson*, 1992 WL 404537, at *6.

As a result, Westbrook's petition for a subpoena duces tecum with respect to the EEOC (Docket # 55) is hereby DENIED.  Westbrook is, however, granted leave to re-file his request, explaining why the requested documents would be relevant to his case and identifying the reasons, other than his financial situation, why he cannot obtain the documents through less oppressive means, that is, through the administrative appeal process set forth in 29 C.F.R. § 1610.11.

SO ORDERED.

Entered this 14th day of March, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

4